IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK A. STADTERMAN, )
)
    Plaintiff, )
)
    v. ) Civil Action No. 18-20
)
)
NANCY A. BERRYHILL, ACTING )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

O R D E R

AND NOW, this 26th day of March, 2019, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 10), filed in the above-captioned matter on May 29, 2018,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 8), filed in the above-captioned matter on April 16, 2018,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.**   **Background**

On October 10, 2014, Plaintiff Mark A. Stadterman protectively filed a claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq.

Specifically, Plaintiff claimed that he became disabled on April 15, 2014, due to a right torn rotator cuff, bone degeneration in his right shoulder, and Meniere's Disease. (R. 202).

After being denied initially on December 23, 2014, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on September 22, 2016. (R. 45-82). In a decision dated January 11, 2017, the ALJ denied Plaintiff's request for benefits. (R. 20-39). The Appeals Council declined to review the ALJ's decision on November 13, 2017. (R. 3-8). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II.  Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'"

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence— particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 404.1520. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 404.1520(a)(4)(i). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must

proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment ("Listing"). See 20 C.F.R. § 404.1520(a)(4)(iii). If a claimant meets a Listing, a finding of disability is automatically directed. If the claimant does not meet a Listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. § 404.1520(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 404.1523.

### III.    The ALJ's Decision

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since April 15, 2014. (R. 22). The ALJ also found that Plaintiff met the second requirement of the process insofar as he had certain severe impairments, specifically, dysfunction of joints (right shoulder rotator cuff injury and bone degeneration) and vestibular disorder

(Meniere's Disease). (R. 22). The ALJ further concluded that Plaintiff's impairments did not meet any of the Listings that would satisfy Step Three. (R. 23).

The ALJ next found that Plaintiff retained the RFC to perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c). (R. 24). At Step Four, the ALJ found that Plaintiff was capable of performing past relevant work as a carpenter foreman as it is generally performed, noting that such work does not require the performance of work-related activities precluded by Plaintiff's RFC. (R. 38). In the alternative, the ALJ moved on to Step Five and, applying Medical-Vocational Guideline Rules 203.22 and 203.15, found that Plaintiff was not disabled. (R. 38-39).

Accordingly, the ALJ found that Plaintiff has not been under a disability, as defined in the Social Security Act, from April 15, 2014 through the date of his decision. (R. 39).

## IV. Legal Analysis

Plaintiff raises several arguments as to why he believes that the ALJ erred in finding him to be not disabled. While the Court does not fully agree with the arguments set forth by Plaintiff, it does agree that remand is warranted in this case. Specifically, because the Court finds that the ALJ did not properly explain the basis for his determination that Plaintiff did not meet or medically equal the severity of one of Listings at Step Three of the sequential evaluation process, the Court cannot find that the ALJ's decision is supported by substantial evidence. Accordingly, the Court will remand the case for further consideration.

The Listings operate as a regulatory device used to streamline the decision-making process by identifying claimants whose impairments are so severe that they may be presumed to be disabled. See 20 C.F.R. § 404.1525(a). A claimant has the burden of proving a presumptively disabling impairment by presenting medical evidence that meets all of the criteria

of a listed impairment or is equal in severity to all of the criteria for the most similar listed impairment.  See 20 C.F.R. § 404.1526.

In the present case, Plaintiff claims that he meets the requirements of Listing 2.07, Disturbance of labyrinthine-vestibular function (including Meniere's disease), which is "characterized by a history of frequent attacks of balance disturbance, tinnitus, and progressive loss of hearing," plus both:

> A. Disturbed function of vestibular labyrinth demonstrated by caloric or other vestibular tests; and
>
> B. Hearing loss established by audiometry.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 2.07.

At Step Three of his analysis, the ALJ stated that, although he had considered whether Plaintiff met the criteria for Meniere's disease under Listing 2.07, "the objective medical evidence does not document history of balance disturbance, tinnitus, or progressive hearing loss, or the severity of hearing loss and other requirements of those Listings."  (R. 24).  Without further addressing the evidence upon which he relied or the specific requirements of Listing 2.07, the ALJ concluded that Plaintiff did not have an impairment that met any Listing and moved on to the next step in his disability analysis.

Plaintiff argues, however, that evidence of the specific testing required is in fact present in the record, along with evidence to support the other criteria.  The government, on the other hand, contends that Plaintiff has put forth no evidence that he met any of these requirements, that he cites to no record of progressive hearing loss, and that the record does not contain any caloric or vestibular testing as required by paragraph A or audiometric testing as required by paragraph B.  (Doc. No. 11, at 4).

Upon review of the evidence of record, the Court finds that it does in fact contain evidence supportive of the Listing 2.07 criteria, including documentation of both vestibular testing and testing establishing hearing loss. (R. 391-404). Moreover, later in his decision, the ALJ actually notes that Plaintiff's diagnosis of Meniere's disease "was supported by the abnormal findings of vestibular testing and progressive hearing loss was supported by the audiologic findings." (R. 31). Additionally, the ALJ explained that "vestibular testing showed abnormalities consistent with right-sided endolymphatic hydrops" and that "audiological evaluation showed profound rising to severe mixes hearing loss in the right ear" and "a moderate sensorineural hearing loss" in the left ear at certain frequencies. (R. 31). Such findings by the ALJ are clearly in opposition to his finding at Step Three that the objective medical evidence does not document any of the requirements of Listing 2.07. (R. 24).

Thus, the Court finds that the ALJ's analysis indicates some confusion—and contradiction at different steps in the sequential evaluation—as to whether evidence of the Listing 2.07 criteria exists or not. It is therefore also unclear whether all the relevant evidence of record was considered at Step Three. Because consideration of all relevant evidence is critical in determining whether or not Plaintiff meets Listing 2.07, the Court finds that remand is required to more thoroughly, and accurately, discuss whether Plaintiff meets that Listing.

Accordingly, the Court finds that the ALJ's discussion and evaluation of whether Plaintiff's Meniere's disease meets or medically equals Listing 2.07 are insufficient in this case. Therefore, the Court also finds that the ALJ's decision is not supported by substantial evidence. While the ALJ is certainly permitted to find that Plaintiff does not meet any of the Listings, the Court finds that the ALJ's justification for such conclusion, which includes minimal discussion and incorrect assertions, is simply insufficient here. Thus, remand is required to allow for further

discussion as to the ALJ's evaluation of the evidence in this regard, along with his ultimate decision in Plaintiff's case.

Additionally, although the Court takes no position as to Plaintiff's remaining issues, the ALJ should, of course, ensure that proper weight be accorded to the various opinion and medical evidence presented in the record. Further, the ALJ should verify that his conclusions concerning Plaintiff's RFC—as well as his findings regarding the credibility of all of Plaintiff's symptoms—are fully explained, in order to eliminate the need for any future remand.

V.     **Conclusion**

In short, because the ALJ failed to properly discuss the evidence of record concerning whether Plaintiff met or medically equaled the criteria for the Listings, the Court finds that substantial evidence does not support the ALJ's determination in that regard or his ultimate decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/ Alan N. Bloch
United States District Judge

ecf:      Counsel of record